PEOPLE, Respondent, v. J. M. LOCKHARD, Appellant.

No. 593; June 5, 1865.

**Trial.—The Refusal of Particular Instructions** asked is not reversible error, even though properly they might have been granted, in a case where the court has put the substance of these instructions into the charge it actually gave.

**Trial—Instructions.—Inaccuracy or Want of Precision** in instructions to a jury is not reversible error unless thereby the party complaining was actually prejudiced.

**Criminal Law—Principal and Accessories—Instructions.**—One who could not have been proceeded against as other than a principal cannot be prejudiced by a refusal to grant instructions relating to accessories.

**Criminal Law—Refusal of Instructions—Effect on Jury.**—The mere fact of refusing particular instructions asked by the defendant cannot prejudice the jury against him when the jury has not heard them read and refused as read.

APPEAL from El Dorado County.

Attorney General for respondent; Searle & Blanchard for appellant.

SAWYER, J.—The appellant was indicted for stealing cattle, and convicted of the crime of grand larceny.

When considered as abstract legal propositions, disconnected from the context, there is some want of precision, and even some inaccuracy in the portions of the judge's charge complained of in the first point discussed by appellant's counsel. There can be no possible doubt upon the testimony that the conversion of the cattle, if there was any, was with a felonious intent. Taken in connection with the testimony, and that

portion of the charge which immediately precedes the first passage complained of, and with other portions of the charge, and several very pointed instructions upon the same point given at the request of the prisoner, we think there can be scarcely a possibility that the jury could have been misled by the inaccuracies, or have misapprehended the law applicable to the case. As to the instructions asked by the prisoner and refused, some of them, if correct as legal propositions, were abstract, and not justified by the state of the evidence; others required modifications, and others were more than once substantially given in less objectionable language, in the charge of the court and other instructions asked on behalf of the prisoner; while several of the instructions given at his request were more favorable to him than the law would justify. Instructions refused, as is the proper practice, are rarely read by the court, or commented on in the hearing of the jury, or even read by counsel in their arguments in the form in which they are presented to the court for its ruling. And unless so brought to the notice of the jury, the jurors know nothing about them, and no harm can possibly result from not stating particularly, at the time of the refusal, that they were refused because in substance they had already been given. But if read in the hearing of the jury by the court, and refused on that ground, the reason of the refusal should, doubtless, be stated.

The several instructions relating to accessories before and after the fact, asked on the part of the prisoner, and refused, were all properly refused, if for no other reason, on the ground that the character of the testimony was not such as to require or justify any instructions at all upon that subject. The prisoner was indicted as principal, in connection with another party, and upon the testimony, if guilty at all, he could, in our judgment, have been guilty in no other character than that of principal. There was nothing from which the jury could properly infer that the prisoner was an accessory merely. The instructions on the point would only have tended to embarrass and confuse the jury.

With regard to the question as to the sufficiency of the testimony, we think it fully sustains the verdict.

Upon the whole we think there is no error in the record that would justify a reversal of the judgment.

Judgment affirmed.

We concur: Sanderson, C. J.; Shafter, J.; Rhodes, J.; Currey, J.